UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ILYA MANYK ,

                           Plaintiff(s)

   -against-
WESTERN UNION COMPANY FINANCIAL CO.
and UKRAINIAN FINANCIAL GROUP,

                         Defendant(s)
------------------------------------------------------------------------x

Index No. 07 CIV 6260

**VERIFIED ANSWER**

**Defendants' Demand
Trial by Jury**

      Defendant WESTERN UNION FINANCIAL SERVICES, INC, incorrectly sued herein as Western Union Company Financial Co., by its attorneys, FOGARTY, FELICIONE & DUFFY, P.C. answering the complaint herein:

      **FIRST**:    Upon information and belief denies each and every allegation contained in paragraphs designated "1", "3", "4", "5", "6", "7", "10", "11", "12", "15", "16", "18", "21", "22" "23" of the complaint.

      **SECOND**:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "2", "8", "9", "13", "14", "17" and "19" of the complaint.

      **THIRD**:    .Upon information and belief denies each and every allegation contained in paragraph designated "20" of the complaint, except admits defendant Western Union Financial Services, Inc. is a corporation organized under the laws of the State of Colorado and is domiciled in the State of Colorado but does business throughout the United States, including State of New York and is registered with the State of New York's Department of State as a foreign business and has a registered agent in the State of New York to receive service of process.

## ANSWERING THE FIRST CAUSE OF ACTION

**FOURTH:** As to paragraph designated "24" of the complaint, defendant repeats, reiterates and realleges each and every denial heretofore made with respect to the allegations contained in paragraphs designated "1" through "23" inclusive of the complaint with the same force and effect as if here fully set forth.

**FIFTH:** Upon information and belief denies each and every allegation contained in paragraphs designated "25" and "26" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

**SIXTH:** As to paragraph designated "27" of the complaint, defendant repeats, reiterates and realleges each and every denial heretofore made with respect to the allegations contained in paragraphs designated "1" through "26" inclusive of the complaint with the same force and effect as if here fully set forth.

**SEVENTH**: Upon information and belief denies each and every allegation contained in paragraphs designated "28" and "29" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

**EIGHT:** As to paragraph designated "30" of the complaint, defendant repeats, reiterates and realleges each and every denial heretofore made with respect to the allegations contained in paragraphs designated "1" through "29" inclusive of the complaint with the same force and effect as if here fully set forth.

**NINTH:** Upon information and belief denies each and every allegation contained in paragraphs designated "31". "32" and "33" of the complaint.

**TENTH**: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "34" of the complaint.

### ANSWERING THE FORTH CAUSE OF ACTION

**ELEVENTH:** As to paragraph designated "35" of the complaint, defendant repeats, reiterates and realleges each and every denial heretofore made with respect to the allegations contained in paragraphs designated "1" through "34" inclusive of the complaint with the same force and effect as if here fully set forth.

**TWELFTH:** Upon information and belief denies each and every allegation contained in paragraphs designated "36". "37" and "38" of the complaint.

**THIRTEENTH**: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "39" of the complaint.

### AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION FINANCIAL SERVICES, INC ALLEGES UPON INFORMATION AND BELIEF:

**FOURTEENTH**: The complaint fails to state a cause of action against the answering defendant.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION FINANCIAL SERVICES, INC ALLEGES UPON INFORMATION AND BELIEF:

**FIFTEENTH**: Plaintiff failed to name and/or serve necessary parties.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION
FINANCIAL SERVICES, INC
ALLEGES UPON INFORMATION AND BELIEF:**

**SIXTEENTH**: Plaintiff's three causes of action sounding in intentional tort, defamation and assault are time barred by the applicable Statute of Limitations.

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION
FINANCIAL SERVICES, INC
ALLEGES UPON INFORMATION AND BELIEF:**

**SEVENTEENTH**: Plaintiff failed to obtain personal jurisdiction over defendant as plaintiff's causes of action do not arise from any of the acts enumerated in New York C.P.L.R. § 302.

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION
FINANCIAL SERVICES, INC
ALLEGES UPON INFORMATION AND BELIEF:**

**EIGHTEENTH**: That the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (o) (2) in that plaintiff and co-defendant are both citizens or subjects of The Ukraine.

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION
FINANCIAL SERVICES, INC
ALLEGES UPON INFORMATION AND BELIEF:**

**NINETEENTH:** Whatever damages the plaintiff may have sustained at the time and place

mentioned in the complaint were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which the aforesaid culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION FINANCIAL SERVICES, INC ALLEGES UPON INFORMATION AND BELIEF:

**TWENTIETH:** Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in § 4545(c) of the New York Civil Practice Law and rules. If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

### AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANT, WESTERN UNION FINANCIAL SERVICES, INC ALLEGES UPON INFORMATION AND BELIEF:

**TWENTY FIRST:** The Complaint should be dismissed as to this answering defendant as said defendant is a separate corporation with no connections with co-defendant or the acts alleged in the complaint.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT, UKRAINIAN FINANCIAL GROUP, DEFENDANT, WESTERN UNION FINANCIAL SERVICES, INC.,

**ALLEGES UPON INFORMATION AND BELIEF;**

**TWENTY SECOND:** That if the plaintiff was caused to sustain damages or injuries other than as a result of his own culpability, and same was caused by the breach of contract, negligence or lack of care or responsibility on the part of codefendant, then this answering defendant demands judgement over in whole or in part against said codefendant for any breach of contract, negligence or responsibility on its part for which this defendant asks indemnity and/or contribution.

**WHEREFORE**, the defendant, WESTERN UNION FINANCIAL SERVICES, INC, demand judgment dismissing the complaint herein, and further demands judgment over and against the co-defendant for the amount of any judgment obtained against this answering defendant, or on the basis of apportionment of responsibility in such amounts as a jury or Court may direct and for judgment against the co-defendant for breach of its contractual obligations to include the costs, expenses and attorneys fees in this action.

Dated: Mineola, New York
       DECEMBER 28, 2007

                              FOGARTY, FELICIONE & DUFFY, P.C.

                              By: _____
                              Patrick J. Fogarty (3307)
                              Attorneys for Defendant
                              *WESTERN UNION FINANCIAL SERVICES, INC,*
                              185 Willis Avenue
                              Mineola, New York 11501
                              (516) 747-7500

TO:    The Law Offices of Grinberg & Segal, P.L.L.C.
        111 Broadway, Suite 1306
        New York, NY 10006
        (212) 202-0342

VERIFICATION

STATE OF NEW YORK        )
                         :ss:
COUNT OF NASSAU          )

       I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that I am a member of the firm of FOGARTY, FELICIONE & DUFFY, P.C., the attorneys of record, for the defendant WESTERN UNION FINANCIAL SERVICES, INC  I have read the Answer herein and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: reports, investigation, etc. contained in the file maintained in your affirmant's office.

       The reason I make this affirmation instead of defendant is because it is not located within the county wherein your affirmant maintains an office.

       I affirm that the foregoing statements are true under the penalties of perjury.

Dated:      Mineola, New York
            DECEMBER 28, 2007

                                                                                  _____
                                                                                  PATRICK J. FOGARTY (3307)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                       :ss.:
COUNTY OF NASSAU       )

       MURIEL OKROSY being sworn say: I am not a party to the within action, am over 18 years of age and reside at Floral Park, New York.

       On December 28, 2007, I served a true copy of the annexed *Verified Answer* by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    GRINBERG & SEGAL, P.L.L.C.
         Attorneys for Plaintiff(s)
         111 Broadway, Suite 1306
         New York NY 10006
         (212) 202-0342

                                                      _____
                                                          MURIEL OKROSY

Sworn to before me this
December 28, 2007

_____
      Notary Public

Index No. 07 CIV 6260
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILYA MANYK ,

                                                          Plaintiff(s),

    -against-

WESTERN UNION COMPANY FINANCIAL CO. and UKRAINIAN FINANCIAL GROUP,

                                                          Defendant(s),

*Verified Answer*

**FOGARTY, FELICIONE & DUFFY, P.C.**
*Attorneys for*
WESTERN UNION FINANCIAL SERVICES, INC.
*Defendant*
*185 Willis Avenue*
*Mineola, N.Y. 11501*
*516-747-7500*

To:
Attorney(s) for

Service of a copy of the within                            is hereby admitted.
Dated:                                       _____
                                               Attorney(s) for

PLEASE TAKE NOTICE
       that the within is a (certified) true copy of a
       entered in the office of the clerk of the within named Court on      _____
*Notice of*
 *Entry*
       that an Order of which the within is a true copy will be presented for settlement to the Hon.
    , one of the judges of the within named Court, at            on        at   M.
_____
*Notice of*
*Settlement*

*Attorney's Certification pursuant to 22NYCRR Section 1301.1-A*

                                                                    _____