UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

------------------------------------------------------------X
Ilya MANYK,

          Plaintiff,

    -against-

WESTERN UNION FINANCIAL SERVICES,
INC., UKRAINIAN FINANCIALGROUP,
And JOHN DOE CORPORATION

          Defendants
------------------------------------------------------------X

Index No.: 07 CIV 6260

**AMENDED COMPLAINT**

## INTRODUCTION

1. This an action by Mr. Ilya Manyk against Western Union Financial Services Inc., Western Union Company Financial Co., and/or JOHN DOE CORPORATION which is any other corporate or business name under which Western Union Company or its parent company is doing business, as well as Ukrainian Financial Group, Inc., agent for Western Union, for personal injuries and economic losses sustained after he was physically removed from the premises by an employee and/or agent of Defendants at the branch located at 10 Deribasovskaya Street, Odessa City, Ukraine.

2. On July 22, 2004, Mr. Manyk received a Western Union Money Order from his friend, Ms. Elena Yashinik, in the amount of seventy-nine United States dollars ($79.00). The Western Union Money Order was numbered 9865448356.

3. That same day, Mr. Manyk went to the Western Union location at 10 Deribasovskaya Street, Odessa, Ukraine at approximately 2:00PM to receive the money. The agent for Western Union at this location was the Ukrainian Financial Group who to the best of

Plaintiff's knowledge leases the premises on behalf of Western Union from Soc. Com. Bank.

4. Plaintiff completed the requisite forms and presented them to the agent in order to receive his funds. However, the agent refused to pay out the funds and informed Mr. Manyk the money order had already been paid out. Plaintiff requested further information as he had not received the funds, but the Western Union agent refused to provide any additional information and demanded he leave the premises. Furthermore, the agent insulted Plaintiff by calling him "a nuisance", "con artist", "fraud", and accusing him of criminal activity.

5. Plaintiff requested to speak with a manager but instead of getting a manager the Western Union agent ordered the Soc. Com. Bank manager to have security guards remove Plaintiff from the premises. Shortly thereafter, the Soc. Com. Bank manager appeared and told Plaintiff she was in no way affiliated with Western Union or the Ukrainian Financial Group but she would have me physically removed from the premises if I did not leave immediately.

6. As Plaintiff did not want an altercation, he departed the premises and contacted the local police to assists him. The police arrived at approximately 2:30PM and requested to speak with manager of Western Union or Ukrainian Financial Group and within five minutes, the manager appeared. The manager explained to the police that the money order in question had been paid by the Western union located at Aval Bank and advised them to go to that location for more details. The manager also presented documents to the police the money order in question had already been paid and that I was being dishonest.

7. Plaintiff was taken into custody. At approximately 4:50PM, Plaintiff, while in the custody of the police, was taken to the Western Union location at Aval Bank on Sadovaya Street. The Western Union agent informed us that the money order had in fact never been paid by their office. It was later determined that an error had occurred, though a detailed explanation was never provided to Plaintiff or his friend who had purchased the

money order, and the transaction had been annulled. According to Western Union, the error was not detected until the agent who had conducted the initial transaction presented her evening report.

8. Plaintiff was released from police custody. Ms. Elena Yashnik went to the First Ukrainian International bank where the error was corrected and a new money order was issued. The number for the new Western Union Money Order was 2041382380.

9. On July 23, 2004 at approximately 11:00AM, Plaintiff once again went to the Western union location at 10 Deribasovskaya Street, Odessa, Ukraine. He once again completed the requisite forms and presented them to the agent. Once again, he failed to receive his funds, because the agent refused to assist him because he had caused so much trouble the previous day. Plaintiff insisted on speaking with executive manager as the police had the previous day but they refused to call the manager.

10. Plaintiff waited twenty (20) minutes for the executive manager, all the time he was verbally abused by the Western Union agent and the Soc. Com. Bank manager. Plaintiff could not take the abuse any longer and went to a phone in the lobby for public use to call the police.

11. Before Plaintiff could reach the phone, Plaintiff was brutally assaulted by a western union employee. The employee twisted his arm behind his back and pushed him hard against the wall. The employee than proceeded to drag Plaintiff to the door, kick Plaintiff in the stomach, and throw him over a railing. Plaintiff fell approximately four (4) feet to the sidewalk.

12. As a direct result of the assault, Plaintiff received seriously injuries which required him to be admitted to hospital for treatment. Plaintiff was hospitalized for four (4) months. The doctors advised Plaintiff that his kidney would have to be removed or else he would have constant bleeding which would cause him medical problems for the rest of his life.

However, having his kidney removed had the potential to cause other problems. In the end, Plaintiff opted to not have his kidney removed.

13. As a result of the actions of Defendants, Plaintiff's consumer rights under the Defendants' Service Requirements and Agency Agreement were violated. In is much as the Money Order which was to be paid to Plaintiff, has yet to be paid to him.

14. Plaintiff is required to take regular doses of prescription medication to stop the bleeding in his kidney. To this day, Plaintiff continues to have medical problems as a result of his injuries, especially urological problems.

15. As a result from his injuries and subsequent hospitalization and inability to work, Plaintiff has incurred substantial medical bills and other debt, lost profits from business activities, lost business contracts, and lost property.

## JURISDICTION AND VENUE.

16. Plaintiff seeks compensatory relief for the tortuous acts of Defendants. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2).

17. This Court has personal jurisdiction over Western Union Financial Inc. the corporation is domiciled in Colorado but does substantial business within the state of New York which would subject Western Union Financial Inc. to personal jurisdiction pursuant to New York C.P.L.R. §302. Furthermore, Western union Financial Inc. is registered with the State of New York Department of State as a foreign business corporation.

18. Venue is proper in this district pursuant to 28 U.S.C. §1391(c).

## THE PARTIES.

19. Plaintiff, Mr. Ilya Manyk, by and through his undersigned attorney, brings this action for damages incurred by the reckless and negligent acts of Defendants, Western Union Financial Inc. and Ukrainian Financial Group, as agent for Western Union Financial Group. Plaintiff sustained personal injuries as a direct result of reckless or negligent acts by employees or agents of Western union Financial Inc. Plaintiff seeks compensatory relief for damages incurred as a result of Defendants' actions including medical bills and other debt incurred because of his inability to treatment and work; pain and suffering; loss of property; loss of contracts; withholding of property that is rightfully his; and future medical bills. Furthermore, Plaintiff seeks punitive damages as the conduct of Defendants was egregious and outrageous and demands this Honorable Court take measure to reprimand such behavior.

20. Plaintiff, Mr. Ilya Manyk, is a citizen of Australia who currently resides in Ukraine. Mr. Manyk is a businessman who travels extensively.

21. Defendant, Western Union Financial Services, Inc., is, according to the information reported to the New York State Department of State, a corporation organized under the laws of the State of Colorado; however, according to the information provided by the Defendants, as per the Agency Agreement dated December 13 1996 between Western union Financial Services, Inc. and Ukrainian Financial Group, is a corporation organized under the laws of the State of Delaware with a principal place of business at One Mack Centre Drive, Paramus, NJ 07652. Western Union Financial Services, Inc. does extensive business throughout the United States, including the State of New York, as well as internationally. Defendant, Western Union Financial Services, Inc., is domiciled in the State of Colorado but does extensive business throughout the United States, including the State of New York, as well as internationally. Furthermore, Western Union Financial Services, Inc., is registered with the State of New York's Department of State as a foreign business corporation. Western Union Financial Services, Inc. has a registered agent in the State of New York to receive service of process.

22. Defendant, Ukrainian Financial Group, to the best of Plaintiff's knowledge is a corporation organized under the laws of Ukraine. The Ukrainian Financial Group is an acts as an agent for Western Union Financial Group Inc.

23. Defendant, John Doe Corporation, is any other corporate or business name under which Western Union Financial Services, Inc. or its parent company is doing business in the relevant jurisdictions.

## SUMMARY OF THIS ACTION.

24. Plaintiff, Mr. Ilya Manyk, files this action to compensate him for injuries and financial losses directly related to the tortuous conduct of Defendants. Plaintiff has incurred significant injuries and financial losses as a result of the tortuous conduct of Defendants and to date as not been compensated though Plaintiff made attempts to resolve this matter without resulting to this action. To date the only money received by Plaintiff from Defendant has been from the cashing of his money order; approximately, seventy nine U.S. Dollars ($79.00)

25. Defendants actions were reckless, or in the alternative, negligent and directly resulted in Plaintiff's injuries.

## FIRST CAUSE OF ACTION.

26. Plaintiff incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

27. Defendants acted with negligence causing Plaintiff severe injuries and damages. Defendants wrongly accused Plaintiff of criminal activity without providing any meaningful investigation into the transactions. As a result, Plaintiff was taken into police custody and verbally abused by employees/agents of Defendants.

28. Such negligent action on the part of Defendants defamed Plaintiffs character and led to him to be detained by police for an error committed by the company.

## SECOND CAUSE OF ACTION.

29. Plaintiff incorporates the allegations in paragraphs 1 through 26 as if fully set forth herein.

30. Defendants acted recklessly causing Plaintiff severe injuries and damages. Defendants wrongly accused Plaintiff of criminal activity without providing any meaningful investigation into the transactions. As a result, Plaintiff was taken into police custody and verbally abused by employees/agents of Defendants.

31. Such reckless action on the part of Defendants defamed Plaintiffs character and led to him to be detained by police for an error committed by the company.

## THIRD CAUSE OF ACTION

32. Plaintiff incorporates the allegations in paragraphs 1 through 29 as if fully set forth herein.

33. Defendants acted with negligence in physically assaulting Plaintiff. Such actions were grossly disproportionate to the actions taken by Plaintiff and caused him serious injuries. Plaintiff had calmly requested to speak with the executive manager and instead of fulfilling such request, Plaintiff was verbally abused and harassed by Western Union Financial Inc. employees and agents.

34. Furthermore, a Defendants action in physically removing Plaintiff from the premises was unjustified and excessive. Plaintiff had his arm twisted behind his back and was pushed into a wall then subsequently thrown over a railing approximately four (4) feet to the

sidewalk below. All of this occurred because Plaintiff requested to speak with the executive manager and when this request went unfulfilled, attempted to contact the local police. Plaintiff's conduct in now way justified the actions of the Western Union staff and agents.

35. As a result of the assault, Plaintiff sustained serious injuries including kidney damage. The injuries were so severe that Plaintiff had to be hospitalized for four (4) months. During his hospitalization, Plaintiff was forced to choose between having his kidney removed and having a bleeding kidney remain in his body; the choice was extremely difficult as each posed their own set of potential adverse factors. Plaintiff is required to take prescription medication to prevent excessive bleeding in his kidney.

36. While in the hospital, Plaintiff incurred significant medical bills and other debts as he was unable to work but had liabilities. Furthermore, Plaintiff lost property and contracts as he was unable to fulfill his obligations.

## FOURTH CAUSE OF ACTION

37. Plaintiff incorporates the allegations in paragraphs 1 through 34 as if fully set forth herein.

38. Defendants acted recklessly in physically assaulting Plaintiff. Such actions were grossly disproportionate to the actions taken by Plaintiff and caused him serious injuries. Plaintiff had calmly requested to speak with the executive manager and instead of fulfilling such request, Plaintiff was verbally abused and harassed by Western Union Financial Inc. employees and agents.

39. Furthermore, a Defendants action in physically removing Plaintiff from the premises was unjustified and excessive. Plaintiff had his arm twisted behind his back and was pushed into a wall then subsequently thrown over a railing approximately four (4) feet to the sidewalk below. All of this occurred because Plaintiff requested to speak with the

executive manager and when this request went unfulfilled, attempted to contact the local police. Plaintiff's conduct in now way justified the actions of the Western Union staff and agents.

40. As a result of the assault, Plaintiff sustained serious injuries including kidney damage. The injuries were so severe that Plaintiff had to be hospitalized for four (4) months. During his hospitalization, Plaintiff was forced to choose between having his kidney removed and having a bleeding kidney remain in his body; the choice was extremely difficult as each posed their own set of potential adverse factors. Plaintiff is required to take prescription medication to prevent excessive bleeding in his kidney.

41. While in the hospital, Plaintiff incurred significant medical bills and other debts as he was unable to work but had liabilities. Furthermore, Plaintiff lost property and contracts as he was unable to fulfill his obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mr. Ilya Manyk, requests that judgment be entered in his favor and against Defendants, WESTERN UNION FINANCIAL INC. and UKRAINIAN FINANICIAL GROUP:

1. DECLARING that Defendants acted with negligence in falsely accusing Plaintiff of attempting to defraud Defendants;
2. DECLARING that Defendants acted recklessly in falsely accusing Plaintiff of attempting to defraud Defendants;
3. DECLARING that Defendants acted with negligence in physically removing Plaintiff from the premises of Defendants;
4. DECLARING that Defendants acted recklessly in physically removing Plaintiff from the premises of Defendants;
5. AWARDING actual and exemplary damages as are available at law resulting from Defendants unlawful negligent and/or reckless conduct which caused Plaintiff substantial injuries and damages, including attorneys' fees and costs.

6. PROVIDING Plaintiff with such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 16, 2008

Respectfully submitted,

_____
Alexander J. Segal, Esq.
The Law Offices of Grinberg & Segal, P.L.L.C.
111 Broadway, Suite 1306
New York, NY 10006
(212) 202-0342
Attorney for Plaintiff

Manyk v. Western Financial Services, Inc., et al 10
Index No.: 07 CIV 6260
Amended Complaint

## DEMAND FOR A JURY TRIAL.

Plaintiff, Mr. Ilya Manyk, hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 16, 2008

                                      Respectfully submitted,

                                      _____
                                      Alexander J. Segal, Esq.
                                      The Law Offices of Grinberg & Segal, P.L.L.C.
                                      111 Broadway, Suite 1306
                                      New York, NY 10006
                                      (212) 202-0342
                                      Attorney for Plaintiff