# Exhibit C



**ƁERG & SEGAL** — Professional Limited Liability Company

111 Broadway, Suite 1306   New York, New York 10006   212-202-0342   fax: 212-964-0440; 718-228-9601 info@myattorneyusa.com

June 3, 2008

Fogarty, Felicione & Duffy, P.C.
185 Willis Avenue
Mineola, NY 11501
Attention: Garrett Duffy, Esq.

Re:   **Manyk v. Western Union Company Financial Co., et. al.**
      **07 Civ. 6260 (GEL)**
      **U.S. District Court for Southern District of New York**

Dear Mr. Duffy:

We are in receipt of your letter dated June 3, 2008. We agree to the proposed Revised Scheduling Order as included in said letter. We reserve the right to ask for slight changes in the depositions dates, given the fact that our client is Ukraine, and we may have some issues with arrival to the United States, which may or may not delay his arrival for the deposition scheduled on July 2, 2008.

In addition, enclosed herein please find our Amended Response to Interrogatories. We have amended said Response to Interrogatories to correct the typographical error in Mr. Manyk's date of birth. We corrected the year of birth from 1996 to 1956.

We are also in receipt of your rejection of our Demand for Discovery and Inspection dated May 30, 2008. We respectfully request that you agree to amend the deadline for serving our discovery demands to June 15, 2008, which would allow us to re-serve on you our combined discovery demands. We respectfully request your cooperation so that we both may avoid unnecessary motion practice. After all, we had no idea what to request until after you served upon our office the actual company structure. Our office did not receive your Initial Disclosures and the copy of the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group until April 22, 2008, which was well after the March 18, 2008 deadline to file discovery demands.

It was my understanding judge's instructions at the conference, where we originally agreed to Scheduling Order, you would serve upon us the corporate structure and Agency Agreement in advance of the March 18th deadline so that we could timely make our combined discovery requests. Kindly agree to the amendment to the discovery time so that we may re-serve our combined demands upon you.

Very truly yours,

Alexander J. Segal, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

---------------------------------------------------------X

Ilya MANYK,

          Plaintiff,

-against-

WESTERN UNION FINANCIAL SERVICES,
INC., UKRAINIAN FINANCIALGROUP,
And JOHN DOE CORPORATION

          Defendants
---------------------------------------------------------X

Index No.: 07 CIV 6260

**Amended Response
to Interrogatories**

Plaintiff, Ilya Manyk, by and through his undersigned attorney, submits the following response to the **INTERROGATORIES** requested by Defendant, Western union Financial Services, Inc.:

1. Plaintiff set forth the following with respect to himself at the time of the accident:
   a. Full name:    Ilya Grigorievich Manyk.
   b. Date and place of birth:    August 23, 1956 in Odessa, Ukraine.
   c. Home address: 77 Marshall Zhukov Street, Apt. 94, Odessa, Ukraine.
   d. Occupation: Self-employed businessman.
   e. Marital status: Separated.
   f. Social Security number: N/A.
   g. All residences for a period of five years preceding the commencement of this action:
      i. 77 Marshall Zhukov Street, Apt. 94, Odessa, Ukraine beginning in 2000.
      ii. 4 Marshall Govorov Street, Apt. 48, Moscow, Russia from 1990-2000.
   h. The name's of plaintiff's employers as of the date of the incident and address; if self-employed so state giving business name and address: Plaintiff was self-employed as a representative of the Limited Liability Company "Odessa Distillery". His business address was 7 Deribasovskaya Street, Odessa, Ukraine.

    i. The weekly or daily wages of plaintiff: Plaintiff was paid an annual salary of one (1) million U.S. dollars for his work on behalf of Limited Liability Company "Odessa Distillery".

    j. The amount of time plaintiff claims he was prevented from doing his job as a result of this incident: Plaintiff was hospitalized for approximately five and a half (5½) months during which time he was unable to work. Plaintiff lost his contract with Limited Liability Company "Odessa Distillery" as a result of his inability to work.

2. Plaintiff states as completely and accurately as possible, each and all of the injuries claimed to have been sustained by the plaintiff as a result of the incident referred to in the complaint.

    a. Identify any markings, bruises and other visual indications of each injury and the part or parts of the body affected by each injury: Plaintiff suffered cuts, scratches, and bruises all over his body. These injuries were primarily and most pronounced on his lower back.

    b. Which, if any, of such injuries claimed to be permanent: Plaintiff's right kidney has been permanently injured.

    c. All sequelae which are claimed to have developed or are expected to develop in the future as a result of any such injury: Plaintiff has constant bleeding in his right kidney and is required to undergo periodic therapy for the injuries. He may eventually be forced to have said kidney removed.

3. State the name and address of each and every hospital in which the plaintiff received treatment for any of the injuries alleged to have been sustained in the occurrence referred to in the complaint, including the date of admission and discharges as an in-patient and the date or dates of any out-patient treatment received.

    a. Ukraine Public Utility Service City Clinic Hospital No. 10 located at 61 Malinovskogo St., Odessa, Ukraine. Plaintiff was treated from July 13, 2005 to July 27, 2005.

    b. Odessa Regional Psychoneurological Dispensary Aftercare Patient Facility located at 25-b Kanatna Street, Odessa, Ukraine. Plaintiff was treated from August 19, 2004 until October 10, 2004.

4. Set forth any and all expenses incurred by the plaintiff for the following:
    a. Hospital treatment, together with the name and address of each and every hospital, the amount of the bill and a statement as to whether or not such bill has been paid, and if so, by whom: Plaintiff does not have any hospital bills as the treatment was provided to Plaintiff for free.
    b. Treatment by each and every doctor: Plaintiff does not have any medical bills as the treatment was provided to Plaintiff for free.
    c. Ambulance and/or transportation, together with the name and address of the company: Plaintiff does not have any ambulance/transportation bills as the treatment was provided to Plaintiff for free.
    d. Nurse services: Plaintiff does not have any nurse services' bills as the treatment was provided to Plaintiff for free.
    e. Any and all other expenses claimed to have been incurred as a result of this accident: Plaintiff has paid approximately two thousand dollars ($2,000.00) out of pocket for medication needed to prevent bleeding in his right kidney.
5. State the manner in which it is claimed the incident occurred: On July 22, 2004, Mr. Manyk received a Western Union Money Order from his friend, Ms. Elena Yashinik, in the amount of seventy-nine United States dollars ($79.00). The Western Union Money Order was numbered 9865448356. That same day, Mr. Manyk went to the Western Union location at 10 Deribasovskaya Street, Odessa, Ukraine at approximately 2:00PM to receive the money. The agent for Western Union at this location was the Ukrainian Financial Group who to the best of Plaintiff's knowledge leases the premises on behalf of Western Union from Soc. Com. Bank. Plaintiff completed the requisite forms and presented them to the agent in order to receive his funds. However, the agent refused to pay out the funds and informed Mr. Manyk the money order had already been paid out. Plaintiff requested further information as he had not received the funds, but the Western Union agent refused to provide any additional information and demanded he leave the premises. Furthermore, the agent insulted Plaintiff by calling him "a nuisance", "con artist", "fraud", and accusing him of criminal activity. Plaintiff requested to speak with a manager but instead of getting a manager the Western Union agent ordered the Soc. Com. Bank manager to have security guards remove Plaintiff from the premises. Shortly

thereafter, the Soc. Com. Bank manager appeared and told Plaintiff she was in no way affiliated with Western Union or the Ukrainian Financial Group but she would have me physically removed from the premises if I did not leave immediately. As Plaintiff did not want an altercation, he departed the premises and contacted the local police to assists him. The police arrived at approximately 2:30PM and requested to speak with manager of Western Union or Ukrainian Financial Group and within five minutes, the manager appeared. The manager explained to the police that the money order in question had been paid by the Western union located at Aval Bank and advised them to go to that location for more details. The manager also presented documents to the police the money order in question had already been paid and that I was being dishonest. Plaintiff was taken into custody. At approximately 4:50PM, Plaintiff, while in the custody of the police, was taken to the Western Union location at Aval Bank on Sadovaya Street. The Western Union agent informed us that the money order had in fact never been paid by their office. It was later determined that an error had occurred, though a detailed explanation was never provided to Plaintiff or his friend who had purchased the money order, and the transaction had been annulled. According to Western Union, the error was not detected until the agent who had conducted the initial transaction presented her evening report. Plaintiff was released from police custody. Ms. Elena Yashnik went to the First Ukrainian International bank where the error was corrected and a new money order was issued. The number for the new Western Union Money Order was 2041382380. On July 23, 2004 at approximately 11:00AM, Plaintiff once again went to the Western union location at 10 Deribasovskaya Street, Odessa, Ukraine. He once again completed the requisite forms and presented them to the agent. Once again, he failed to receive his funds, because the agent refused to assist him because he had caused so much trouble the previous day. Plaintiff insisted on speaking with executive manager as the police had the previous day but they refused to call the manager. Plaintiff waited twenty (20) minutes for the executive manager, all the time he was verbally abused by the Western Union agent and the Soc. Com. Bank manager. Plaintiff could not take the abuse any longer and went to a phone in the lobby for public use to call the police. Before Plaintiff could reach the phone, Plaintiff was brutally assaulted by a western union employee. The employee twisted his arm behind his back and pushed him hard against the wall. The employee than

proceeded to drag Plaintiff to the door, kick Plaintiff in the stomach, and throw him over a railing. Plaintiff fell approximately four (4) feet to the sidewalk. As a direct result of the assault, Plaintiff received seriously injuries which required him to be admitted to hospital for treatment. Plaintiff was hospitalized for four (4) months. The doctors advised Plaintiff that his kidney would have to be removed or else he would have constant bleeding which would cause him medical problems for the rest of his life. However, having his kidney removed had the potential to cause other problems. In the end, Plaintiff opted to not have his kidney removed.

6. State whether plaintiff, his attorneys, or any other person acting on his behalf, obtained statements from any persons regarding the incident or the events surrounding the incident: Nataliya S. Boginskaya, Alena B. Chaikovskaya, and Yevgeniy A. Shahkov. Plaintiff has provided the Odessa Primorsky District Depart of Internal Affairs with a letter by mail dated August 9, 2004. This letter detailed what happened to Plaintiff and was requested an investigation into the incidents on July 22, 2004 and July 23, 2004 and requested criminal prosecution of those involved.

7. Plaintiff submits the following in regards to statements:
   a. Statements were made by Nataliya S. Boginskaya, Alena B. Chaikovskaya, and Yevgeniy A. Shahkov. These statements were addressed to the Odessa Primorsky District Depart of Internal Affairs.
   b. These statements were made on or about August 10, 2004.
   c. These statements have previously been submitted to Defendant along with other documents.

8. Plaintiff requested the Odessa Primorsky District Depart of Internal Affairs investigate the matter. The Odessa Primorsky District Depart of Internal Affairs is located at 42 Gretska Street, Odessa City, Ukraine 65026. Plaintiff received a letter from Yu. M. Topchiy, Deputy Head, regarding his request for an investigation.

9. No insurance company, union, or person or entity paid or reimbursed plaintiff or became obligated to pay or reimburse plaintiff or anyone on his behalf, for any sums of money by way of disability or benefits, loss of earnings, property damage or any other item as a result of the incident.

10. N/A.

11. Plaintiff states the following acts and/or omissions constituting the negligence claimed as to:
   a. Western Union: failure to supervise agents; failure to properly train staff and/or agents; failure to enforce corporate and operational policies; failure to ensure safety of customer; attempt to conceal wrongdoing; failure to take remedial actions; and bad faith dealing.
   b. Ukrainian Financial Group: failure to supervise employees; failure to properly train staff; failure to follow corporate and operational policies; failure to ensure customer safety; attempt to conceal wrongdoing; failure to take remedial actions; and bad faith dealing.
12. Plaintiff will provide the laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or have been violated by this answering defendant at a later time.
13. The names and address of, or a description reasonably sufficient to identify, each person plaintiff believes may have been a witness to the occurrence of the injuries alleged in the complaint are as follows:

| Name/Title | Contact Information | Subject of Information |
|---|---|---|
| R.R. Antoniv, Attending Physician | Ukraine Public Utility Service City Clinic Hospital No. 10 61 Malinovskogo St. Odessa, Ukraine | Treated Plaintiff from July 13, 2005 until July 27, 2005 for medical problems associated with injuries sustained in July of 2004. |
| Nataliya S. Boginskaya | 7 Geroev Pogranichnikov Street Apt. 65 Odessa City, Ukraine | Witnessed Plaintiff being forced from the premises. |
| Alena B. Chaikovskaya | 33 Dvoryanskaya Street Apt. 21 Odessa City, Ukraine | Witnessed Plaintiff being forced from the premises. |
| Alexander A. Chehovskiy, Director | Ukrainian Financial Group 23 Armeiskaya Street Odessa, Ukraine Phone: +38 048 785 84 18 | Incident that occurred in July of 2004 when Plaintiff attempted to receive the funds from the money order. |
| O. V. Grazhdan, Chairman of the Board of Directors | SocCom Bank 7 Zankovetska Street Odessa City, Ukraine | Relationship between Ukrainian Financial Group and Western Union. |

| | | |
|---|---|---|
| Olga Illinskaya | 75, Second Block. Koroleva Street<br>Apt. 106<br>Odessa, Ukraine<br>Phone: +38 067 784 16 03 | Incident that occurred in July of 2004 when Plaintiff attempted to receive the funds from the money order. |
| Nataliya Kharitonchuk, Attending Physician | Odessa Regional Psychoneurological Dispensary Aftercare Patient facility<br>25-b Kanatna Street<br>Odessa City, Ukraine<br>220-896 | Provided medical treatment to Plaintiff from August 19, 2004 until September 1, 2004. |
| V.M. Khodos, Head of Department | Ukraine Public Utility Service<br>City Clinic Hospital No. 10<br>61 Malinovskogo St.<br>Odessa, Ukraine | Treated Plaintiff from July 13, 2005 until July 27, 2005 for medical problems associated with injuries sustained in July of 2004. |
| Yuriy Sergeevich | Limited Liability Company "Odessa Distillery"<br>82 Kanatna Street<br>Apt. 9A<br>Odessa City, Ukraine | Business interest Plaintiff held and lost. |
| Yevgeniy A. Shahkov | 146/2 Lustdorfskaya Doroga<br>Apt. 168<br>Odessa City, Ukraine | Witnessed Plaintiff being forced from the premises. |
| Yu. S. Shelamov, Commerical Director | Limited Liability Company "Odessa Distillery"<br>82 Kanatna Street<br>Apt. 9A<br>Odessa City, Ukraine | Business interest Plaintiff held and lost. |
| Ilya Manyk | 77 Marshala Zhukova<br>Apt. 94<br>Odessa City, Ukraine | Plaintiff |
| Yu M. Topchiy, Deputy Head | Odessa City Primorsky District Department of Internal Affairs<br>42 Gretska Street<br>Odessa City, Ukraine 65026 | Investigated Plaintiff's claim of misconduct of agents of Western Union. |
| Kateryna A. Trikolenko | 77b Marshala Zhukova Avenue<br>Apt. 94<br>Odessa City, Ukraine<br>Phone: 47-86-08 | Business interest Plaintiff held and lost. |
| A. E. Volochshuk, Chief Physician | Odessa Regional Psychoneurological Dispensary Aftercare Patient facility<br>25-b Kanatna Street<br>Odessa City, Ukraine<br>220-896 | Medical treatment Plaintiff received. |

| | | |
|---|---|---|
| V. I. Yanchukov, Deputy Head of the Administration | National Bank of Ukraine Adminstration in Odessa Regon 8 Rishelievska Street Odessa City, Ukraine (0482) 25-29-64 | Investigated Plaintiff's request as to why there was a problem with the money order transmission. |
| Elena Yashnik | Olzhevicha 29-14 Reiv 1 Odessa, Ukraine Phone: +38 044-4444142 | Sent Plaintiff the Money Order which led to the incidents in the Complaint. |
| Jane Doe - Female, Manager, Approximately in her 40 years of age, Brown hair | Unknown | Manager of Soc. Com Bank who was there when Plaintiff was forcibly removed |
| Approximately late 20s/early 30s, Male, Security Guard, Approximately 5'10-5'11, Well Built, Approximately 200, Strawberry Blond Hair | Unknown | Employee or agent of Western Union who removed Plaintiff from the premises upon instruction of Ms. Olga A. Illinskaya |

14. Plaintiff does not have any expert witnesses at this time. Plaintiff reserves the right to produce an expert witness. Plaintiff will notify Defendant upon retention of any and all expert witnesses.

15. Plaintiff does not believe any criminal proceedings were initiated on behalf of plaintiff against any Western Union employee or co-defendant employee.

16. N/A.

Dated: June 3, 2008
New York, NY

Respectfully submitted,

_____
Alexander J. Segal, Esq. (1892)
The Law Offices of Grinberg & Segal, P.L.L.C.
111 Broadway, Suite 1306
New York, NY 10006
(212) 202-0342
Attorney for Plaintiff

# AFFIDAVIT OF SERVICE

State of New York        )
                         ) ss::
County of New York       )

I, Wendy R. Barlow, being sworn say I am not a party to the within action, am over the age of eighteen (18), and reside in Massapequa Park, New York.

On June 3, 2008, I served a true copy of the annexed **Amended Response to Interrogatories** in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known addressee as indicated below:

Garret Duffy
Fogarty, Felicione, & Duffy, P.C.
185 Willis Avenue
Mineola, NY 11501

Wendy R. Barlow

Sworn to before me this 3rd
day of June 2008.

_____
Notary Public

ALEXANDER J. SEGAL
Notary Public, State of New York
No. 01SE5083714
Qualified in KINGS County
Commission Expires August 18, 20 09

The Law Offices of
# GRINBERG & SEGAL

Professional Limited Liability Company

111 Broadway, Suite 1306   New York, New York 10006   212-202-0342   fax: 212-964-0440; 718-228-9601 info@myattorneyusa.com

June 25, 2008

**VIA FACSIMILE AND CERTIFIED MAIL**
Fogarty, Felicione & Duffy, P.C.
185 Willis Avenue
Mineola, NY 11501
Attention: Garrett Duffy, Esq.

   Re:   **Manyk v. Western Union Company Financial Co., et. al.**
         **07 Civ. 6260 (GEL)**
         **U.S. District Court for Southern District of New York**

Dear Mr. Duffy:

We are now in receipt of your letter dated June 6, 2008. We did not previously receive this letter until June 23, 2008 after our phone conversation on that same day. In this letter you discuss us failing to confirm the deposition day with you, we did have a conversation earlier this month and I told you our client would be available for deposition on July 2, 2008 and this conversation was followed up with a letter agreeing to the date of the deposition. We therefore confirmed the fact that our client would be available for deposition on July 2, 2008.

Our client will be available for deposition on July 2, 2008. Mr. Manyk has already made all the necessary travel arrangements and will be arriving in the United States from Ukraine for these depositions. Please advise us as soon as possible as to the time of said deposition and where you would like the deposition to be conducted. Please note the deposition of our client cannot be changed without our client incurring numerous expenses.

Also, you stated in your letter that your client will not be available for deposition by July 3, 2008 and that the deposition can be scheduled for some later date within two (2) weeks of July 2, 2008. We have no objection to accommodating your client's request to reschedule the deposition, however, we need an exact date and time when your client will be available for said deposition.

Another issue is the position that Western Union has taken regarding our demands for discovery and production of documents. As I understand the position of your client, they refuse to produce documents and claim our demands were served late so that they are only amenable to what you call in your letter a limited discovery. We disagree with this position.

As we already indicated to you in our June 3rd letter, we believe that we could not serve on you our discovery demands until we know who should be the proper defendant in this

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7006 2760 0003 7801 8067

Sent To: Barrett Duffy
Street, Apt No.; or PO Box No.: 185 Willis Ave
City, State, ZIP+4: Mineola NY 11501

PS Form 3800, August 2006     See Reverse for Instructions