UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ILYA MANYK,

                                                   Index No. 07 CIV 6260

                        Plaintiff(s)

                                                   **AFFIRMATION**
    -against-                                    **IN OPPOSITION**

WESTERN UNION COMPANY FINANCIAL CO.
and UKRANIAN FINANCIAL GROUP,

                        Defendant(s)
------------------------------------------------------------------------x

      GARRETT DUFFY, an attorney duly admitted to practice law in the United States District Court of the Southern District of New York hereby affirms the truth of the following upon information and belief and under the penalty of perjury.

      I am a member of the law firm of Fogarty, Felicione & Duffy, P.C., attorneys for the defendant Western Union Financial Services, Inc. and as such am familiar with the facts and circumstances surrounding this action and the issue raised in plaintiff's discovery motion.

      This affirmation is submitted in opposition to the relief requested in plaintiff's notice of motion.

      It should initially be pointed out to the Court that despite plaintiff's very late serving of discovery demands in violation of the case management order, your affirmant advised plaintiff's attorneys that he was willing to work these discovery issues out in good faith. I advised plaintiff's attorney that due to plaintiff's late service of the discovery demands and the fact that depositions of the parties were scheduled within a short period of time after said service, it was unknown what documents could be located and produced prior to the deposition. Despite trying to work this matter out in good faith with plaintiff's attorney, Mr. Segal advised he would make this motion.

The case management scheduling order in this matter required first requests for production of documents to be served by March 18, 2008. All fact discovery was to be completed by June 3, 2008 at which time depositions were to be held. The parties, by agreement, extended the time for first responses and automatic disclosure to April 4, 2008.

On April 4, 2008, defendant Western Union Financial Services, Inc. served plaintiff with its initial disclosures which included a copy of the contract between Western Union Financial Services, Inc. and Ukranian Financial Group. At this time, we also advised plaintiff's office that our earlier representation that plaintiff named the wrong Western Union entity was mistaken and was based upon a subsequent contract. The contract that was in effect at the time of plaintiff's alleged incident was with the named Western Union entity and therefore there was no need for plaintiff to amend the caption or add an additional Western Union entity. Despite having this information and the subject contract, plaintiff's attorney did not serve any discovery demands on defendant.

Additionally, plaintiff's attorney violated the case management order and failed to serve his initial disclosures, his response to our interrogatories and his response to our first request for documents. Therefore, on April 11, 2008, your affirmant wrote to plaintiff's office requesting that he respond to our first set of interrogatories, as well as respond to our first request for documentary discovery and provide automatic disclosure. Plaintiff's attorney did not respond to said letter and on April 21, 2008 I called Mr. Segal and again requested that he respond to our discovery demands, and in good faith gave him another extension of time to April 25, 2008. Attached hereto as **Exhibit "A"** are your affirmant's letters of April 11, 2008 and April 22, 2008 reflecting the above representations.

On or about April 25, 2008, plaintiff provided us with his initial disclosures however said

disclosures had no documents attached to them. Additionally, plaintiff failed to respond to our request for interrogatories as well as our request for documents. Therefore, in a good faith effort to avoid judicial intervention, your affirmant again wrote to plaintiff requesting the documents and giving him another ten (10) day extension of time to do so. Your affirmant's letter of April 29, 2008 is attached hereto as **Exhibit "B"**.

Thereafter, on May 7, 2008, plaintiff again asked for another extension of time to respond to our interrogatories and our demand for documentary discovery. Plaintiff also requested that depositions be adjourned as he was having trouble having his client come in from the Ukraine. I once again, in good faith, agreed to extend his time to provide interrogatories and documents and adjourned the depositions if he could obtain Court approval as required by the case management plan. My letter of May 13, 2008 extending plaintiff's time to once again comply is attached as **Exhibit "C"**.

It should be noted that during this time period, plaintiff never served on defendant any demands for documents, and in all our phone calls never indicated he had any plans on doing so and never requested an extension of time to do so.

Finally, plaintiff served his response to our documentary demands and his response to interrogatories, although plaintiff's interrogatories are unsigned by plaintiff and have remained unsigned to date despite repeated requests for verification.

On or about May 28, 2008, plaintiff served on us for the first time, his demand for discovery and inspection requesting documentary discovery. I promptly rejected said demand as untimely and in violation of the case management order. Additionally, at that time, depositions were scheduled for June 3, 2008. I called plaintiff's attorney and advised him I could not comply with his demand

for documents prior to the deposition date but that if he would agree to some limited discovery regarding his demands, I would try to comply. See affirmant's letter of June 6, 2008 annexed hereto as **Exhibit "D"**. Plaintiff rejected my offer and stated he would make this motion.

Plaintiff's claim that his late service of his demand for documents is based on the fact that defendant was somehow late in providing the subject contract is without merit and not based on the facts of the case. Defendant timely served the subject contract on plaintiff's attorney on April 4, 2008 as agreed. Additionally, plaintiff's claim that he had no idea what to request until after he received information regarding Western Unions company structure is an ingenuous argument at best, as much of plaintiff's demands are not related to Western Unions corporate structure. In any event, the issue of Western Unions corporate structure was done away with when the contract was exchanged showing that Western Union Financial Services was a party to the contract. Finally, Mr. Manyk did not seek consent to extend the deadline for serving discovery demands. Thus, plaintiff cannot blame Western Union for his failure to comply with the court order.

In conclusion, it has been plaintiff's repeated failure to comply with the Court order regarding discovery which gives rise to this dispute. Plaintiff failed to provide defendant with interrogatories and documents as required and then never served his own demand for documents until well after the time to do so had expired. Additionally, plaintiff never requested an extension of time to do so. Thereafter, plaintiff was unwilling to work out this discovery dispute in good faith.

WHEREFORE, it is respectfully requested that the Court deny plaintiff's motion in its entirety and grant such other and further relief as it may deem just and proper.

Dated: Mineola, New York
      July 25, 2008

                                    FOGARTY, FELICIONE & DUFFY, P.C.

                                    BY: _____
                                    Garrett Duffy
                                    Attorney for Defendant(s)
                                    185 Willis Avenue
                                    Mineola, New York 11501
                                    (516) 747-7500

TO: Alexander J. Segal
      Law Offices of Grinberg & Segal, P.L.L.C.
      111 Broadway - Suite 1306
      New York, NY 10006