UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

---------------------------------------------------------X
Ilya MANYK,

                                                                                         Index No.: 07 CIV 6260

             Plaintiff,

            -against-
WESTERN UNION FINANCIAL SERVICES,
INC., UKRAINIAN FINANCIALGROUP,
and JOHN DOE CORPORATION

             Defendants
---------------------------------------------------------X

## ATTORNEY'S AFFIRMATION IN SUPPORT OF A MOTION TO COMPEL DEFENDANT'S RESPONSE TO PLAINTIFF'S DEMAND FOR DISCOVERY AND INSPECTION

Plaintiff, Mr. Ilya Manyk, by and through his undersigned attorney, hereby moves this Honorable Court to enter an appropriate Order against Defendant, Western Union Financial Services (hereinafter referred to as "Western Union"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in support thereof avers as follows:

1. Plaintiff, Mr. Ilya Manyk, filed this Complaint on July 6, 2007.
2. On March 4, 2008, Plaintiff and Defendant, Western Union, appeared before this Honorable Court and a Civil Case Management Plan was developed. In addition, Defendant, Western Union, through its attorney alleged that Plaintiff had sued the wrong division of Western Union. Defendant further stated that the entity known as Western Union was divided into many different subdivisions or subsidiary corporations. As such, this Honorable Court ordered Defendant, Western Union, to produce information regarding the corporate structure so that amendments to the Complaint could be made as needed. To date, Plaintiff has yet to receive information as to the corporate of Western Union.

3. On or about May 7, 2008, Plaintiff produced all documents previously requested by Defendant, Western Union, in their Demand for Discovery and Inspection.

4. On or about May 22, 2008, Plaintiff served Defendant, Western Union, with a Demand for Discovery and Inspection (Exhibit A). This Demand for Discovery and Production requested Defendant, Western Union, produce the following in disclosure and for discovery, inspection, photographing, and testing within twenty (20) days to Plaintiff's attorney's office (Exhibit A):

   a. A copy of the Western Union's Agency Reference Guide as described in the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group dated December 13, 1996.

   b. Any and all updated Agency Agreements entered into between Western Union and Ukrainian Financial Group.

   c. A copy of Western Union's Operation Guide as described in the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group dated December 13, 1996.

   d. A copy of all other policies, rules, and regulations as incorporated into the as described in the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group dated December 13, 1996.

   e. A copy of Western Union's security procedures.

   f. Any and all transaction records for Western Union Money Order number 9865448356 purchased on or about July 22, 2004.

   g. Any and all transaction records for Western Union Money Order number 2041382380 purchased on or about July 22, 2004.

   h. Any and all incident reports produced by Western Union, or in the possession of Western Union, regarding Plaintiff, Western Union Money Order number 2041382380, Western Union Money Order number 9865448356, or incidents occurring on July 22-23, 2004 at the Western Union location in Ukrainian Financial Group at 10 Deribasovskaya Street, Odessa, Ukraine.

   i. Any and all records pertaining to internal investigations regarding Plaintiff, Western Union Money Order number 2041382380, Western Union Money Order number 9865448356, or incidents occurring on July 22-23, 2004 at the Western

Manyk v. Western Union Financial Services, Inc., et. al.
Index No.: 07 CIV 6260
Motion to Compel

3

Union location in Ukrainian Financial Group at 10 Deribasovskaya Street, Odessa, Ukraine.

j. Information as to whether the Ukrainian Financial Group was an approved agent of Western union as contemplated by the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group dated December 13, 1996 as well as any and all records related to the approval process, including the location at 10 Deribasovskaya Street, Odessa, Ukraine.

k. Information as to whether Western Union had approved any sub-agents working through Ukrainian Financial Group.

l. A copy of any and all sub-agency agreements if each individual branch of the Ukrainian Financial Group was a sub-agency.

m. Copies of all approved advertisement made by Western union for use in Ukraine as well as any materials related to the approval process.

n. Receipts for the purchase of promotional materials by Ukrainian Financial Group from Western Union.

o. The names and addresses of any other authorized agents authorized by Western Union in Ukraine.

p. Information as to whether Ukrainian Financial Group at 10 Deribasovskaya Street, Odessa, Ukraine was an authorized agent of Western Union and if so, during what time period.

q. Copies of any and all Western Union policy for dispute resolution.

r. A copy of any and all surveillance video from the Western Union location in Ukrainian Financial Group at 10 Deribasovskaya Street, Odessa, Ukraine from July 22-23, 2004.

s. The names and address of any company who is the parent company of Western Union Financial Services, Inc.

t. Any and all agreements between Western Union Financial Services, Inc. and its parent company including, but not limited to, agency agreements, operation agreements, etc.

u. Any and all training records for the individuals employed at the Western Union location in Ukrainian Financial Group at 10 Deribasovskaya Street, Odessa,

      Ukraine, whether employed by Western Union directly or by an agent, on July 22-23, 2004.

    v. Information as to the corporate structure of Western Union Financial Services, Inc. and its parent company, if any.

5. Plaintiff did not receive Defendant's Initial Disclosures and the copy of the Agency Agreement between Western Union Financial Services, Inc. and Ukrainian Financial Group until April 22, 2008, which was well after the March 18, 2008 deadline to file discovery demands. The Initial Disclosures were to be served upon Plaintiff within fourteen (14) days of the Federal Rules of Civil Procedure Rule 26(f) conference, which in this case would have made said disclosures due by March 18, 2008 as the Rule 26(f) conference was held on March 4, 2008. Plaintiff did not receive the Initial Disclosure and the copy of the Agency Agreement between Western Union and Ukrainian Financial Group until more than a month after the deadline for said submission had past. After a review of these documents, Plaintiff was able to prepare his Demand for Discovery and Inspection.

6. It was Plaintiff's understanding that this Honorable Court's instructions at the conference, where the Civil Case Management Plan was originally agreed upon, Defendant, Western Union, would serve upon Plaintiff the corporate structure in advance of the March 18, 2008 deadline so that Plaintiff could timely make his combined discovery requests. As Plaintiff did not have the bare minimum information to prepare his discovery demands until after the deadline for submission of said demands, he could not prepare his discovery demands in a timely manner.

7. After receiving the Defendant's Initial Disclosures and a copy of the Agency Agreement, Plaintiff concluded this cause of action was brought against and served upon the appropriate entity of Western Union and a minor amendment to the caption to correct a typographical error in the corporate name. A review of the Agency Agreement and Initial Disclosures allowed Plaintiff to make more focused discovery demands rather than asking for general information.

8. Plaintiff's Demand for Discovery and Inspection were not served until on or about May 22, 2008, because Plaintiff had yet to receive the corporate structure for Western Union. Plaintiff had previously indicated a willingness to amend the Complaint so that the

appropriate entity of Western Union was the Defendant; however, such action could not be completed until Plaintiff was provided with information as to the corporate structure. As such, Plaintiff believed it would be inappropriate to serve discovery demands on Defendant until after he verified if the cause of action was brought against the appropriate entity of Western Union; Plaintiff would have been unnecessary and counterproductive to serve Plaintiff's Demand for Discovery and Inspection upon an inappropriate Defendant.

9. To date, Plaintiff has yet to receive information from Defendant as to the corporate structure of Western Union despite making several inquiries.

10. On May 30, 2008, Defendant, Western Union, rather than respond to Plaintiff's reasonable discovery requests, rejected Plaintiff's discovery demands as untimely (Exhibit B).

11. Plaintiff has repeatedly requested, by mail and phone, Defendant, Western Union, reconsidered its position on the rejection of his Demand for Discovery and Inspection (Exhibit C), but to no avail especially considering Plaintiff has complied with Defendant's Demand for Discovery and Inspection and numerous requests made by Defendant, including, most recently, an agreement to postpone his client's deposition (Exhibit C).

12. Plaintiff cannot properly depose Western Union and prepare dispositive motions without having an opportunity to review the documents and information requested in his Demand for Discovery and Inspection. These documents are vital to establishing

13. Plaintiff has no choice, but to ask this Honorable Court to intervene in this matter. The information Plaintiff has requested is necessary to establishing his cause of action and can be obtained in no other way as it is in the control and custody of Defendant.

WHEREFORE, Plaintiff, by and through his undersigned counsel, hereby moves this Honorable Court to enter an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure against Defendant, Western Union Financial Services, pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant, Western Union, to serve upon moving counsel a response to Plaintiff's Demand Discovery and Inspection within twenty (20) days or suffer such sanctions as this Honorable Court might impose. Plaintiff also seeks further amendments to the Civil Case

Management Plan to allow Plaintiff time to review the documents prior to deposing Defendant and filing dispositive motions.

Dated: September 5, 2008
      New York, NY

                                              Respectfully submitted,

                                              Alexander J. Segal, Esq. (1892)
                                              The Law Offices of Grinberg & Segal, P.L.L.C.
                                              111 Broadway, Suite 1306
                                              New York, NY 10006
                                              (212) 202-0342
                                              Attorney for Plaintiff

## CERTIFICATION PURSUANT TO FEDERAL RULE OF
## CIVIL PROCEDURE 37(A)(2)(B)

I, Alexander J. Segal, on behalf of Plaintiff state that I am acquainted with the facts as set forth in the foregoing Motion to Compel Defendant's, Western Union's, responses to Plaintiff's Demand for Discovery and Inspection; that said Motion is being made only after movant has, in good faith, conferred or attempted to confer with counsel for Defendant, Western Union, in an effort to secure Defendant's, Western Union's, responses to the Demand for Discovery and Inspection without court action.

Dated: September 5, 2008
      New York, NY

Respectfully submitted,

_____
Alexander J. Segal, Esq. (1892)

Manyk v. Western Union Financial Services, Inc., et. al.
Index No.: 07 CIV 6260
Motion to Compel

8