UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

ILYA MANYK,

         Plaintiff,

    - against -

WESTERN UNION COMPANY
FINANCIAL CO. AND UKRANIAN
FINANCIAL GROUP,

         Defendants.

------------------------------------------------------- X



**MEMORANDUM OPINION
AND ORDER**

07 Civ. 6260 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION AND BACKGROUND

      Ilya Manyk brought suit against Western Union Company Financial Co. ("Western Union") and Ukranian Financial Group ("UFG"), alleging that he was assaulted when he attempted to collect a money transfer at a UFG location in the Ukraine.[1] UFG did not appear in the action. On May 27, 2009, then-District Judge Gerard Lynch held that Manyk failed to raise a triable issue of fact as to

---

    [1]    *See Manyk v. Western Union Co. Fin. Co.*, No. 07 Civ. 6260, 2009 WL 1490827, at *1 (S.D.N.Y. May 27, 2009).

1

whether his alleged assailant was either an employee or an agent of Western Union.[2] Because Manyk could not establish grounds for Western Union's vicarious liability, Judge Lynch granted Western Union's motion for summary judgment.[3]

On October 26, 2009, Manyk moved for a default judgment against UFG,[4] and on November 4, 2009 the case was transferred to this Court.[5] I granted Manyk's motion for a default judgment on December 14, 2009 and referred the case to Magistrate Judge Debra Freeman for an Inquest on Damages.[6]

In the course of the Inquest, a question arose as to subject matter jurisdiction. Although Manyk brought this action based upon diversity jurisdiction, it appears that both Manyk –a citizen of Australia residing in the Ukraine[7] – and UFG – a corporation organized under the laws of the Ukraine[8] –

---

[2] *See id.* at *2.

[3] *See id.* at *4.

[4] *See* 10/29/09 First Motion for Default Judgment as to *Ukranian Financial Group*, Docket No. 65 in No. 07 Civ. 6260.

[5] *See* 11/4/09 Notice of Case Reassignment, Docket No. 68 in No. 07 Civ. 6260.

[6] *See* 12/14/09 Default Judgment, Docket No. 71 in No. 07 Civ. 6260.

[7] *See* Amended Complaint ("Compl.") ¶ 20.

[8] *See id.* ¶ 22.

2

are aliens. Accordingly, on June 6, 2010, I issued an Order to Show Cause ("OSC") why this Court should not vacate its grants of default judgment and summary judgment and dismiss the entire action for lack of subject matter jurisdiction.[9] Manyk's Response to the OSC concedes that diversity jurisdiction is lacking in this action and requests that the Court drop UFG as a defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure.[10]

## II. LEGAL STANDARD

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."[11] "Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Federal Rule of Civil Procedure 19."[12] UFG may therefore be dismissed from this action so long as it is not an indispensable party under Rule 19.

"Rule 19 'sets forth a two-step test for determining whether the court

---

[9] *See* 6/9/10 OSC, Docket No. 76 in No. 07 Civ. 6260.

[10] *See* Response to OSC ("Manyk Resp.") ¶¶ 4-5.

[11] Fed. R. Civ. P. 21.

[12] *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985). *Accord Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

must dismiss an action for failure to join an indispensable party.'"[13] The court begins by determining whether a party is "required to be joined if feasible" under Rule 19(a).[14] Rule 19(a) provides that a party must be joined if the court "cannot accord complete relief among existing parties," or if proceeding would impede the absent party's interest or expose the present parties to "double, multiple, or otherwise inconsistent obligations."[15]

If a party is necessary under Rule 19(a), the court must determine whether joinder of that party is feasible in the face of jurisdictional or other concerns.[16] If joinder is infeasible, but the court determines that a party is indispensable under Rule 19(b), then the court must dismiss the action.[17] Rule 19(b) states that a court should, in determining whether a party is indispensable, consider:

---

[13] *Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, No. 09 Civ. 2319, 09 Civ. 3771, 2009 WL 2191118, at *3 (S.D.N.Y. July 20, 2009) (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)). In this case, I must determine whether the proposed dismissal of a joined party would necessitate dismissal of the entire action. Though the sequence is reversed from the typical Rule 19 case, the analysis is nevertheless roughly the same in both scenarios.

[14] Fed. R. Civ. P. 19(a).

[15] Fed. R. Civ. P. 19(a).

[16] *See Berkeley Acquisitions*, 2009 WL 2191118, at *4.

[17] *See id.*

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[18]

### III. DISCUSSION

I conclude that UFG is not an indispensable party in this case.[19] Both Manyk and Western Union participated actively in this action for over two years without raising the issue of UFG's absence, which suggests that UFG's absence has not prejudiced either party. Indeed, it does not appear that this case would have proceeded any differently had Manyk declined to name UFG as a defendant in the first instance.[20] Although UFG has undoubtedly been prejudiced by the default entered against it, such prejudice can be remedied by vacating the default judgment and dismissing UFG from the case. Further, as Manyk seeks full recovery from Western Union based on a theory of vicarious liability, Manyk

---

[18] Fed. R. Civ. P. 19(b).

[19] I will assume, though I need not decide, that UFG is a necessary party to be joined if feasible within the meaning of Rule 19(a). As UFG was, in fact, a party to this suit, the only relevant inquiry at this stage is whether UFG may be dropped or whether it must remain in the case as an indispensable party.

[20] See Newman-Green, 490 U.S. at 833.

could receive an adequate remedy from Western Union if he were to prevail against Western Union following a successful appeal.[21] Finally, Manyk may not have an adequate remedy if forced to refile his lawsuit in state court. Not only would such refiling entail "needless waste,"[22] but any state claims may now be time-barred.[23] The practical considerations in this case weigh in favor of vacating the default judgment against UFG and dismissing UFG from the suit. Accordingly, UFG is hereby dismissed from this action, and the Clerk of the Court is directed to vacate the December 14, 2009 Default Judgment against UFG (Docket No. 71). Because summary judgment has been granted in favor of the only remaining defendant, the Clerk of the Court is further directed to close this case.

---

[21]   Of course, without UFG in the case, Manyk will have no chance for recovery if an appellate court affirms the grant of summary judgment in favor of Western Union. However, Manyk has requested that UFG be dismissed. His request must be granted absent some showing of prejudice against either Western Union or UFG, or other evidence weighing against UFG's dismissal. No such evidence has been presented to this Court.

[22]   *Newman-Green*, 490 U.S. at 833.

[23]   *See* Manyk Resp. ¶ 10.

6

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   August 4, 2010
         New York, New York

## -Appearances-

**For Plaintiff:**

Alexander J. Segal, Esq.
The Law Offices of Grinberg & Segal, P.L.L.C.
111 Broadway
Suite 1306
New York, N.Y. 10006
(212) 202-0342

**For Defendant Western Union:**

Garrett Duffy, Esq.
Patrick J. Fogarty, Jr., Esq.
Fogarty, Felicione & Duffy, P.C.
185 Willis Avenue
Mineola, N.Y. 11501
(516) 747-7543

**Defendant Ukranian Financial Group:**

Ukranian Financial Group
15 Prorizna Street
Kiev, Ukraine
[Last known address for defendant]